IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BARBARA J. KNIGHT,

    Plaintiff,

v.                                            Civil Action No. 5:04CV77
                                                      (STAMP)

JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**ACCEPTING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

The plaintiff, Barbara J. Knight, filed an action in this Court on July 16, 2004 seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). The defendant filed an answer to plaintiff's complaint on September 23, 2004. The parties then filed cross-motions for summary judgment.

Magistrate Judge Seibert considered the parties' motions for summary judgment and submitted a report and recommendation. In his report, he made the following findings: (1) the ALJ appropriately determined the plaintiff's credibility as to her subjective complaints of pain; (2) substantial evidence supports the weight the ALJ gave to the medical opinions in the case; (3) the

hypothetical proposed by the Administrative Law Judge ("ALJ") to the vocational expert ("VE") was proper and included the limitations supported by the record; (4) the ALJ properly considered the plaintiff's fibromyalgia diagnosis when determining her overall pain and limitations; and (5) the ALJ properly considered the plaintiff's combined impairments when determining the plaintiff's residual functional capacity ("RFC"). Based on these findings, the magistrate judge recommended that the defendant's motion for summary judgment be granted.

Upon submitting this report, Magistrate Judge Seibert informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff submitted timely objections to the magistrate judge's report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the district court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is made. As to those portions of the report to which no objection is made, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous."

## II. Facts

On October 23, 1998, the plaintiff filed a claim for disability insurance benefits ("DIB") with the Social Security Administration, alleging a disability since November 9, 1997. Her

application was initially denied, and was again denied on reconsideration. On September 7, 1999, a hearing was held before an ALJ. The ALJ found that the plaintiff was not under a disability as defined in the Social Security Act.[1] The Appeals Council denied the plaintiff's request for review of the ALJ's decision on September 21, 2000.

On February 23, 2000, the plaintiff filed a second application for DIB. This claim was again denied initially and on reconsideration. An ALJ conducted a hearing and denied her claim by written decision on August 3, 2001.

The plaintiff filed a third claim for DIB on July 2, 2002, alleging the same onset date for disability. Again, the claim was denied initially and on reconsideration. On August 14, 2003, an ALJ conducted a hearing. On November 17, 2003, the ALJ issued a decision finding the plaintiff not to be disabled within the meaning of the Act. The Appeals Council denied the plaintiff's request for review on December 5, 2003. The plaintiff then filed the present action with this Court.

---

[1] The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i), 423(d).

## III. Applicable Law

### A. Standard of Review

In conducting a de novo review under 42 U.S.C. § 405(g), this Court must determine: (1) whether the ALJ applied the correct legal standard and (2) whether substantial evidence in the record supports the ALJ's decision. Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla," and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197 (1938). In determining whether the record supports the ALJ's findings, a court must consider "whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained his rationale in crediting certain evidence." Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998).

### B. Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact."

Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page

Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. Discussion

The plaintiff essentially objects to the magistrate judge's report and recommendation in its entirety. Thus, this Court has considered all of the issues raised in the report to determine whether the recommendation was proper. Upon review of the record and the findings made by the ALJ, this Court concludes that the decision to deny the plaintiff disability benefits was reached by applying the correct legal standard and was supported by substantial evidence, and therefore the magistrate judge's report and recommendation should be affirmed.

A. The Administrative Law Judge Properly Considered Plaintiff's Subjective Complaints of Pain

The plaintiff claims that the ALJ failed to take into account her subjective complaints of pain. The plaintiff asserts that the ALJ failed to properly analyze the objective medical evidence of impairments that could have caused the pain alleged. This Court finds this argument unpersuasive. After analyzing the record, this Court finds that the ALJ properly applied the Craig v. Chater pain analysis, which requires him to determine: (1) that there is evidence of a medically determinable impairment that was capable of producing the pain or symptoms alleged; and (2) the intensity and

persistence of the plaintiff's pain, and the extent to which it affects her work. 76 F.3d 585, 594 (4th Cir. 1996). In this case, the ALJ first noted the existence of medical impairments that could potentially produce the plaintiff's pain, such as chronic cervical strain with cervical disc disease, L5-6 central stenosis, and fibromyalgia. Tr. at 279. Next, the ALJ determined, based on the evidence in the record, that the plaintiff's testimony regarding the severity and impact of the pain was less than credible and not supported by objective medical evidence. Tr. at 282. Thus, the ALJ adequately performed the Craig analysis.

Moreover, the ALJ's finding is supported by substantial evidence. He bases his opinion on the plaintiff's report of daily activities as well as the clinical and objective findings of consulting professionals, Dr. Zaleski and Dr. France. Tr. at 283. The record adequately explains the ALJ's rationale in making this decision.

This Court further notes that it is the responsibility of the ALJ to make factual determinations and to resolve evidentiary conflicts, and a court should give great deference to these factual findings. See Estep v. Richardson, 459 F.2d 1015, 1017 (4th Cir. 1972). Thus, echoing the court in Freeman v. Halter, 141 F. Supp. 2d 592 (W.D.N.C. 2001), this Court finds that "[a]lthough the medical records in this case establish that Plaintiff experienced pain and mental and emotional difficulties to some extent or degree, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's 'to reconcile inconsistencies in

7

the medical evidence.'" Id. at 600 (quoting Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976)). Thus, because the ALJ properly applied the Craig analysis and substantial evidence in the record supports these findings, they must be upheld.

B. The ALJ Correctly Weighed the Opinions of the Treating Physicians

The plaintiff claims that the opinions of her treating physicians, Dr. Payne, Dr. Govindan, and Dr. Nally, were not given the proper weight in the ALJ's decision. The plaintiff argues that the opinions of these treating physicians were wholly supported by clinical and laboratory diagnostic tests and are inconsistent only with the opinions of physicians who have spent little time examining the plaintiff. Further, the plaintiff claims that the opinions of Dr. Govindan and Dr. Payne, neurological specialists, should be given greater weight than those of the non-treating sources.

This Court agrees with the magistrate judge that the plaintiff's argument lacks merit. After considering the entire record, this Court finds that the ALJ properly considered and gave appropriate weight to the opinions of Dr. Payne, Dr. Govindan, and Dr. Nally. First, the ALJ found that Dr. Nally did not provide clinical findings, and instead recited the plaintiff's subjective complaints, which the ALJ found not to be particularly credible. Tr. at 284. With respect to Dr. Govindan, the ALJ noted that he was a specialist but found that he did not have an extensive

8

treating relationship with the plaintiff, given that he only examined her on four occasions. Tr. at 286. Further, the ALJ expressly declined to take into account the limitations addressed by Dr. Govindan which were based primarily on the plaintiff's subjective complaints. Id. The ALJ also discussed the opinion of Dr. Payne, finding that Dr. Payne's relationship to the plaintiff was similarly tenuous, as he saw her only on four occasions and only physically examined her once. Further, the ALJ found that Dr. Payne's opinion ignored the results of diagnostic studies that failed to establish the existence of myelopathy. Finally, the ALJ felt that Dr. Payne's findings regarding the plaintiff's degree of limitation of motion and weakness were not consistent with the other examiners.

While the plaintiff is correct in her contention that a treating physician's opinion should be given controlling weight, such opinion may be disregarded if there is persuasive contradictory evidence. Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983). In this case, there is substantial evidence in the record to support the ALJ's finding that the plaintiff is not totally disabled, and that the opinions of her treating physicians should not be given controlling weight. Thus, this Court finds that the ALJ's analysis was proper.

C. The Hypothetical Posed to the Vocational Expert Was Proper

The plaintiff argues that the hypothetical posed to the vocational expert ("VE") was improper due to the fact that it was based on the opinion of a non-treating physician, which was

erroneously given too much weight.  Further, the plaintiff argues that the hypothetical was incomplete and inconsistent with the ALJ's findings, as it could support her ability to perform medium work rather than light work.

Upon review of the record, this Court finds that the hypothetical adequately took into account the plaintiff's limitations that were supported by medical evidence.  The ALJ's hypothetical was based on his findings with respect to residual functional capacity, which included:

> She was able to perform the demands of light work with certain modifications.  She was able to sit for one hour at a time and for a total of six hours during the workday.  She was able to stand or walk for 30 minutes at a time and in combination for a total of six hours during the workday.  She needed to be allowed to change position for a few minutes every one-half hour.  She was unable to rotate the head or neck more than 30 degrees in either direction; flex the neck more than 45 degrees; extend the neck; bend more than 45 degrees; perform more than occasional twisting of the spine; or perform reaching overhead.

Tr. at 290.  The plaintiff first argues that this hypothetical is inappropriate because it relies on the opinion of a non-treating physician.  This Court has previously found the ALJ's assignment of weight to be appropriate. Further, the plaintiff claims that the hypothetical is incomplete and does not include all of her impairments.  This argument, too, lacks merit.  The hypothetical properly takes into account those impairments supported by the record.  The ALJ appropriately concluded based on the medical evidence that the plaintiff has neck, shoulder, and back pain and decreased motion of the neck, shoulders, and back.  Moreover, this

Court agrees that the plaintiff has failed to prove a mental or pulmonary impairment or to establish any decline in her condition since the August 3, 2001 hearing decision was rendered.

Further, this Court notes that the plaintiff's argument that the hypothetical is unreliable because the evidence presented was sufficient for the plaintiff to perform medium work is without merit. The ALJ's decision repeatedly notes that the plaintiff is capable of "light work with certain modifications." The ALJ did not state at any time that the plaintiff is capable of lifting up to 50 pounds at a time or frequently carrying up to 25 pounds. See 20 C.F.R. § 404.1567(c). Thus, the evidence he presented in his hypothetical is clear, sufficient, and reliable.

D.  The Determination of Plaintiff's Combined Impairments Was Supported by Substantial Evidence

The plaintiff objects that the magistrate judge erroneously analyzed the ALJ's assessment of the plaintiff's impairments, particularly fibromyalgia, by merely looking at the ALJ's assessment, and not at the facts of the case, to determine if the findings were proper. This Court finds no merit in this argument. The magistrate judge first evaluated the evidence in the record with respect to fibromyalgia, particularly that presented by Dr. DiBartolemeo, and found: "There is no objective medical evidence to support that the claimant's self-diagnosis was proper." Report and Recommendation at 33. With respect to her combination of impairments, the magistrate judge cited the evidence in the record considered by the ALJ, including chronic cervical strain with

cervical disc disease, L5-6 central stenosis, fibromyalgia, generalized arthritic pain related to fibromyalgia, and the absence of a severe mental impairment. Id. at 34-35. Further the magistrate judge noted the opinions of Dr. Govindan and Dr. Payne regarding the plaintiff's limitation of motion and need to change positions. The magistrate judge properly found that these factors provided substantial evidence for the ALJ's conclusions. This analysis was appropriate, and the plaintiff's argument is without merit.

IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the plaintiff's objection to the report and recommendation lacks merit, and because the remaining findings are not clearly erroneous, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the summary judgment motion of the plaintiff be DENIED, and the summary judgment motion of the defendant be GRANTED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

12

DATED:     July 20, 2005

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE